# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 17cr00800 PCL-JAH |
|---|---|
| Plaintiff/Appellee, | |
| v. | **ORDER AFFIRMING FINAL JUDGMENT** |
| ARIAN CEBREROS, | |
| Defendant/Appellant. | |

## INTRODUCTION

On March 6, 2017, a complaint was filed charging Arian Cebreros, Defendant/Appellant, with violating Title 18 U.S.C. section 111, Assault on a Federal Officer. According to the complaint, on or about March 4, 2017, Defendant, a lawful permanent resident, applied for entry into the United States at the Calexico, California, West Port of Entry. Customs and Border Protection ("CBP") Officer R. Lopez referred Defendant/Appellant to secondary inspection after he refused to provide identification. While CBP Officer Lopez escorted Defendant/Appellant to the Pedestrian Secondary Office for a pat down, Defendant became aggressive and began attempting to pull away. Officer Lopez, along with CBP Officer Marino and CBP Officer Carr, placed Defendant in handcuffs. During the pat down, Defendant/Appellant kicked Officer Marino on his right shin and foot, told Officer Lopez, "I am going to find out where you live and I'm going to f____ you up" and told Officer Carr, "I could head butt your f____ing ass if I

wanted to," while making a head butting motion.  Thereafter, Defendant/Appellant was advised of his Miranda rights and arrested.

On March 30, 2017, a two count misdemeanor information was filed charging Defendant/Appellant with Assault on a Federal Officer and impeding a Federal Officer on Property Under the Charge of the General Services Administration.  During a hearing before this Court, the government moved to dismiss Count 1 of the information.  The Court granted the motion, dismissed Count 1 and set a status hearing before Judge Peter C. Lewis, United States Magistrate Judge.

A two count, third superseding misdemeanor information was filed on June 27, 2017, charging Defendant/Appellant with Impeding a Federal Officer on Property Under the Charge of the General Services Administration, in violation of 41 Code Federal Regulations, Section 102-74.390, for refusing to provide identification (Count 1) and refusing to submit to a pat down search (Count 2).[1]  Judge Lewis conducted a bench trial on June 28, 2017.  Judge Lewis granted Defendant/Appellant's Rule 29 motion as to Count 1 and found Defendant/Appellant guilty on Count 2 of the third superseding information.  Judge Lewis immediately sentenced Defendant/Appellant to one year unsupervised probation.

Defendant/Appellant filed a notice of appeal on July 11, 2017, with the Ninth Circuit Court of Appeals which he later withdrew.  He filed a notice of appeal with this Court on July 12, 2017.  This Court issued an order setting a hearing date and a briefing schedule. The Court later granted the parties' joint motion to continue oral argument and the briefing schedule. Defendant/Appellant filed his opening brief on September 12, 2017.  The United States/Appellee filed its brief on October 3, 2017.  Defendant/Appellant filed a reply brief on October 10, 2017.  Adriana Ahumada appeared on behalf of Plaintiff/Appellee and

---

[1] A superseding information was filed on May 26, 2017, and a second superseding information was filed on June 27, 2017.

Carson Baucher appeared on behalf of Defendant/Appellant at oral argument on October 20, 2017.

## STANDARD OF REVIEW

An appeal of a conviction or sentence imposed by a magistrate judge is heard by a district judge. Fed.R.Crim.P. 58(g)(2)(B). "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed.R.Crim.P. 58(g)(2)(D).

## DISCUSSION

Defendant/Appellant presents the following issues on appeal:

I. Did the government introduce sufficient evidence to sustain its conviction for impeding or disrupting a federal officer?

II. Did the magistrate judge err in denying Defendant/Appellant's request for criminal history reports of, disciplinary records for, and complaints lodged against the officers involved in the altercation at the Port of Entry?

**I. Sufficient Evidence**

Defendant/Appellant asserts there was insufficient evidence to sustain the conviction for impeding an officer because there was no evidence that satisfied the notice element of the charged offense.

**A. Legal Standard**

"Claims of insufficient evidence are reviewed *de novo*." United States v. Stanton, 501 F.3d 1093, 1099 (9th Cir. 2007). "There is sufficient evidence to support a conviction if 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

41 C.F.R. section 102-74.390 reads, in relevant part, "[a]ll persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that. . . [o]therwise impedes or disrupts the performance of official duties by Government employees." 41 C.F.R. § 102-74.390(c). To sustain a

conviction for 41 C.F.R. section 102-74.390, notice of the regulation must be posted in a conspicuous place or the defendant must receive actual notice of the regulation. See United States v. Bichsel, 395 F.3d 1053 (9th Cir. 2005).

**B. Parties' Arguments**

**1. Defendant/Appellant**

Defendant/Appellant contends the government was required to prove beyond a reasonable doubt that the language of 41 C.F.R. section 102-74.390 was posted in a conspicuous place or that he received actual notice that refusal to submit to a pat down search was illegal. He maintains actual notice requires the defendant be informed of the exact conduct that is unlawful and the consequences of continuing the conduct.

Defendant/Appellant maintains the government introduced no evidence that the regulation proscribing the charged conduct was posted at the Calexico West Port of Entry, and, thus, relied on the actual notice exception to the notice element. He argues there was no evidence that he was told it was unlawful to refuse a pat down search. He contends the testimony demonstrates CBP Officer Carr warned him that assaulting or kicking an officer is illegal, but it did not provide him notice that lesser conduct, was prohibited. He contends the officers never informed him that he could be arrested for refusing a pat down search. As such, Defendant/Appellant argues, no rational trier of fact could have found the notice element of the offense was proven beyond a reasonable doubt.

**2. United States/Appellee**

The United States/Appellee contends Defendant/Appellant received actual notice he needed to comply with a CBP Officer's order to submit to a pat down. The government maintains CBP Officer Carr attempted to explain to Defendant/Appellant that he needed to submit to the pat down for his safety and the safety of others, and that he would be allowed to leave sooner if he complied by submitting to the pat down. Additionally, the government maintains Officer Carr also told Defendant/Appellant to stop attempting to hurt CBP Officers as they performed the pat down, and Defendant/Appellant responded by attempting to head-butt Officer Carr, showing Defendant/Appellant was knowingly and

4

17cr00800 PCL-JAH

consciously choosing to physically resist CBP Officers during the pat down. The United States further maintains Defendant/Appellant's physical resistance impeded CBP officers from performing their lawful duties and made his conduct illegal. The government argues Defendant/Appellant received more explanation than similarly situated defendants, and the Court should find the explanations and warnings Defendant/Appellant received here were sufficient under 41 C.F.R. section 102-74.390.

The United States/Appellee further contends it presented sufficient evidence for a rational trier of fact to conclude that Defendant violated 41 C.F.R. section 102-74.390 when he refused to submit to a pat down by physically resisting CBP officers. The government maintains Officer Carr described how Defendant/Appellant was asked to comply with orders to submit to a pat down and how Defendant/Appellant resisted and shouted various profanities, and Officer Carr tried to explain to Defendant/Appellant that they needed to conduct the search for safety purposes and to make sure he had no weapons. The government also maintains the testimony demonstrates Defendant/Appellant continued to resist CBP Officers as they attempted to conduct a pat down and kicked Officer Marino. In response to Defendant/Appellant's continued resistance, the government maintains Officer Carr told Defendant/Appellant he was not doing himself any favors, that he had just assaulted a federal officer and he could go to jail for that, and Defendant/Appellant responded by saying that he did not care, and threatened to head butt Officer Carr. The government contends, after hearing the testimony, Judge Lewis found that Officer Carr's repeated attempts to inform Defendant/Appellant about the pat down constituted actual notice.

The government argues courts have rejected arguments similar to Defendant/Appellant's argument that being told assaulting an officer is illegal after being told repeatedly that the officers need to conduct a pat down and he needed to comply by not resisting does not provide actual notice required by 41 C.F.R. section 102-74.390.

//
//

5

17cr00800 PCL-JAH

### 3. Defendant/Appellant's Reply

In reply, Defendant/Appellant argues notice as to different conduct is insufficient. He contends warning him that he could go to jail for kicking/assaulting an officer is insufficient to warn him that refusing to submit to a pat down search is illegal. He maintains assaulting an officer is particularly egregious and refusing to submit to a pat down search is less aggravated. He further argues a lengthy explanation about the importance of a pat down search given by Officer Carr was insufficient to provide actual notice. He contends the government's argument conflates two distinct ideas: explanation as to the importance of a particular command and notice that failure to follow the command constitutes an illegal act. He maintains Officer Carr's explanation need not be lengthy to satisfy the actual notice requirement, but it must provide notice of the exact conduct that is prohibited and the consequences of continuing the objectionable conduct.

He further argues refusing a pat down search, by itself, is insufficient to sustain a conviction for impeding or disrupting a federal officer. He contends the law is clear that even if the government proves that the defendant has impeded or disrupted an officer by refusing a pat down search, it still must prove notice beyond a reasonable doubt.

### C. Analysis

At the trial, Officer Lopez testified Defendant/Appellant approached his booth and slammed down a Diamond Casino Classic card, and when Officer Lopez asked him for identification, Defendant/Appellant said that was all he was going to give. Trial Transcript ("TT") 18:20–20:5. After asking a second time, Officer Lopez testified, that he walked Defendant/Appellant over to secondary and held him by his arm. Id. 21:1–13; 65:19-20. As they entered the secondary office, Defendant/Appellant was screaming at Officer Lopez and other officers to let him go and they had no right to hold him. Id. 22:9-19. Officer Lopez further testified that he tried to guide Defendant/Appellant into the private area for pat downs, but Defendant/Appellant pulled away and continued to thrash around when Officer Lopez told him to stop resisting. Id. 23:1–19. According to Officer Lopez's testimony, when Defendant/Appellant continued to curse and refused to cooperate, other

officers joined Officer Lopez in the holding cell where he was attempting to conduct the pat down. Id. 23: 21–24:8. Defendant/Appellant continued to curse and scream at the officers and was clenching his arm when the officers tried to handcuff him, and the officers continually told him to stop resisting. 25: 2 – 18. Officer Lopez also testified he conducted a pat down when the officers were able to handcuff Defendant/Appellant and he had to pry open Defendant/Appellant's hands to get various documents and cards he was holding in his hand. Id. 26:1-11. Officer Lopez further testified he left the room, presented the documents he found on Defendant/Appellant to the secondary officer, and when he returned to the holding area where Defendant/Appellant was sitting, Defendant/Appellant told Officer Lopez he would find out where he lived and "f____ [him] up." Id. 27:1–28:13.

  Officer Carr, who was supervising Officer Lopez the day of the incident, testified that when Officer Lopez brought Defendant/Appellant into the secondary area, Defendant/Appellant was loud and seemed upset. Id. 86:4-87:10. He further testified he was concerned because he observed Defendant/Appellant trying to pull away from Officer Lopez. Id. 88:5-12. Officer Carr joined Officer Lopez and others in the holding cell and observed Office Lopez attempting to cuff Defendant/Appellant. According to Officer Carr the officers told Defendant/Appellant to put his hand behind his back, face the wall and hold still. Id. 89:1 – 2; 90:7-91:3. Officer Carr testified that Defendant/Appellant was attempting to pull away and resisting by trying to get out of the position the officers asked him to get into. Defendant/Appellant held his arm in front of his body instead of putting it behind his back as they asked, screaming "[f]___ this," "[f]___ you guys," "[t]his is bulls___," "I'm a US citizen," and "I know my rights." Id. 91:4-17; 92:2-7. Officer Carr further testified he tried to explain to Defendant/Appellant that it was a secure area and for his safety and the safety of the officers they needed to conduct a search of his person and make sure there were no weapons, contraband or anything to harm himself or others. Id. 92:10-19. Defendant/Appellant responded by saying "[f]uck that," [t]his is bulls___," and [f]uck you guys" while the officers continued trying to hold him in place. Id. 93:23-24. Officer Carr also testified that the officers continued trying to hold him in place while

7

Officer Lopez conducted the pat down and had to peel back Defendant/Appellant's fingers to get papers, cards and a money clip he held in his clenched fists. Id. 94:8-95:24. Officer Carr testified that he saw Defendant/Appellant kick Officer Marino's leg and he told Defendant/Appellant he assaulted an officer and could go to jail for that. Id. 96:17-21; 97:2-5. When Defendant/Appellant responded that he did not care, Officer Carr testified, that he told him it was serious and that he was not doing anything to help himself. Id. 97:9-16. Defendant/Appellant responded by threatening to head butt Officer Carr, and threatened Officer Lopez by stating he would find out where he lived and Officer Lopez's family needs to be careful. Id. 97:17-25; 100:13-22. Officer Carr also testified that he spoke to Defendant/Appellant throughout the process and attempted to explain that Defendant/Appellant had control over the situation and the more he cooperated the less they would need to have their hands on him, that he asked Defendant/Appellant numerous time to calm down, he explained the process, and explained that they needed to identify him and need to make sure he did not have any weapons. Id. 124:11-25. Officer Carr further testified Defendant/Appellant did not listen. Id. 145:1 -2.

At the close of testimony, Defendant moved for acquittal based on the government's failure to provide evidence of actual notice of the illegality of his conduct. After hearing argument, Judge Lewis denied the motion.

Actual notice of the regulation is sufficient to support a conviction. See Bichsel, 395 F.3d at 1057. The evidence shows Officer Carr explained to Defendant/Appellant, throughout the incident, that officers needed to conduct a pat down, why they needed to do the pat down and that he needed to cooperate. Defendant/Appellant continued to resist despite the explanation and escalated his defiant conduct to a physical attack on one of the officers. Officer Carr then warned Defendant/Appellant he could be arrested for assaulting an officer, however Defendant/Appellant persisted in attempting to assault officer Carr and refusing to cooperate or follow any of the officers' directions and yelled threats at the officers.

//

8

17cr00800 PCL-JAH

Defendant/Appellant argues he was warned only about the physical attack on the officer, not his failure to submit to the pat down. He attempts to separate his act of kicking the officer and assaulting Carr with the head butt motion from his other combative behavior in refusing to submit to the pat down. The assaultive behavior was part and parcel to Defendant/Appellant's resistance. The testimony clearly indicates his conduct was continuous and was all directed to resist the pat down, and Officer Carr's warning was directed towards Defendant/Appellant's ongoing and escalating defiant conduct.

Actual notice is fair and adequate notice. Id. at 1053. The government presented circumstantial evidence that Defendant knew his actions were unlawful. Assault and battery are necessarily included in resisting or impeding an officer. Viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact may conclude, based upon the common sense of one claiming to be a United States citizen, that assaulting and battering an uniformed law enforcement officer while attempting to avoid being handcuffed is indicative of impeding a law enforcement officer, and as such, the continuous use of force to resist the officers after a warning amounts to impeding. See Elonis v. United States, 135 S.Ct. 2001, 2009 (2015) ("[A] defendant generally must know the facts that make his conduct fit the definition of the offense. . .even if he does not know that those facts give rise to a crime."). At "some point, common sense must prevail. An actual notice exception to the conspicuous posting requirement is in lock slip with fair notice and common sense." Bichsel, 395 F.3d at 1057. The warning provided by Officer Carr was reasonably calculated to impart, and in fact imparted, actual notice to Defendant/Appellant that his conduct was unlawful.

The evidence, therefore, demonstrates Defendant/Appellant was provided actual notice his conduct was illegal and the consequences of continuing his conduct. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found sufficient evidence was introduced at trial to convict Defendant/Appellant.

//

//

## II. Request for Criminal History Reports, Disciplinary Records, and Complaints

Defendant/Appellant maintains the magistrate judge erred in denying his request for criminal histories, disciplinary records and complaint histories for the officers involved in the altercation at the port of entry. The United States/Appellee argues disclosure of the materials submitted to the magistrate judge *ex parte* and under seal were not material or relevant to preparing a defense, and, therefore, production of the material was not required.

### A. Legal Standard

Under Rule 16 of the Federal Rules of Criminal Procedure, the government must, upon a defendant's request, disclose documents in its possession that are material to preparing the defense. Fed.R.Crim.P 16(a)(1)(E). "Materiality is a low threshold" and is satisfied if it will help the defendant prepare a defense. United States v. Hernandez-Meza, 720 F.3d 760, 768 (9th Cir. 2013).

### B. Parties' Arguments

#### 1. Defendant/Appellant

Defendant/Appellant argues the magistrate judge erred in refusing to disclose discovery related to the officers' criminal histories and complaints regarding use of force. He contends the magistrate judge impeded his discovery rights and Sixth Amendment right to prepare a defense by not ordering the government to produce the criminal histories of the officers involved in the altercation and any complaints that may have been filed against any of them. He maintains the requested items were material to the defense because, in a prosecution for impeding or disrupting a federal officer, the government must prove that the defendant's conduct impeded or disrupted the officer in the performance of his or her official duties, and part of his defense at trial was that the officers, reacting to being disrespected, snapped, and, therefore, were not acting in their official duties as law-enforcement officers. Defendant/Appellant contends the records may have shown a past tendency by officers to engage in unlawful use of force, which would support the defense that they were not engaged in the course of their official duties at the time of the alleged refusal to submit to a pat down search, and even if the materials had not supported that

10

17cr00800 PCL-JAH

theory of defense, knowing as much may have permitted Defendant/Appellant to abandon his defense and take a different path.

He further argues the magistrate judge should have ordered their disclosure, including disclosure of complaints and incidents that CBP deemed unsubstantiated. He maintains the court relied on the CBP's internal review process.

Defendant/Appellant asserts the Court should remand and grant him a new trial because the government never produced the requested records and it is impossible to determine if he suffered prejudice. He further asserts this Court should independently review the *ex parte* application submitted by the government prior to trial to determine whether the magistrate judge properly denied its disclosure to the defense.

**2. United States/Appellee**

The government argues Magistrate Judge Lewis correctly held that it was not required to disclose the materials that it submitted *ex parte* and under seal concerning a government employee, because it was not material or relevant to the charge before the Court and, therefore, not discoverable pursuant to Federal Rule of Criminal Procedure 16. For the reasons described in its *ex parte* and under seal submission, Plaintiff/Appellee contends the information it requested to not disclose does not meet the materiality threshold.

**C. Analysis**

This Court reviewed the government's *ex parte* and under seal submission and finds the documents were not material or relevant to preparing a defense. Accordingly, the magistrate judge did not err in denying Defendant/Appellant's request for disclosure of the documents lodged with the court.

//
//
//
//
//

11

17cr00800 PCL-JAH

# CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED the final judgment of guilt on Count 2 is affirmed.

DATED: January 30, 2018

_____
JOHN A. HOUSTON
United States District Judge